IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CURTIS STUART,

    Plaintiff,

v.      CV 417-231

UNITED STATES OF AMERICA;
LYNSEY M. BARRON; KAMAL GHALI;
BYUNG J. PAK; and JAMES HATTEN,

    Defendants.

O R D E R

Before the Court is Defendants' Motion to Dismiss. (Doc. 14.) Plaintiff, proceeding *pro se*, filed a response in opposition. (Doc. 16.) Accordingly, Defendants' motion has been fully briefed and is ripe for review. For the following reasons, Defendants' motion is **GRANTED**.

I. BACKGROUND

Plaintiff is the defendant in a pending criminal matter brought by the United States in the Northern District of Georgia. (See United States v. Stuart, 1:16-cr-072, Doc. 1 (N.D. Ga. Feb. 16, 2016).)[1]

---

[1] When deciding whether to grant a motion to dismiss, the Court may consider public records without converting the motion into a motion for summary judgment. Universal Express, Inc. v. U.S. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006).

Plaintiff's instant complaint arises out of his related arrest, which took place on February 24, 2016. (Compl., Doc. 1, ¶ 14.) Plaintiff alleges that, during this arrest, he was brought to the Richard B. Russel Federal Building in Atlanta, Georgia, and forced "to sign a document in order to be released from prison." (Id.) On November 21, 2017, Plaintiff initiated this action asserting causes of action for "trespass" and "trespass on the case." (Doc. 1.) In addition to the United States, Plaintiff named three federal prosecutors and the Clerk of Court for the Northern District of Georgia (the "Officers") as defendants in this case. (Id.) Defendants now move to dismiss Plaintiff's complaint.

## II. DISCUSSION

Defendants move to dismiss Plaintiff's complaint for, *inter alia*, improper venue and insufficient service of process.

### A. Proper Venue

Defendants argue that the Southern District of Georgia is not an appropriate venue for this case. When a defendant objects to venue, the plaintiff has the burden of showing that venue in the forum is appropriate. Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).

Any action brought against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, may be prosecuted in the judicial district (1) where the plaintiff resides or (2) where the act complained of took place.[2] 28 U.S.C. § 1402(b). Plaintiff's residence - 2295 Newnan Street, East Point, Georgia, - and the facts giving rise to Plaintiff's complaint are located within the Northern District of Georgia. (See Compl. ¶ 14; Doc. 1, at 8.) Thus, Plaintiff has not carried his burden of establishing that this District is the proper venue for Plaintiff's claims against the United States.

Venue is also inappropriate with respect to Plaintiff's claims against the Officers. In an action against an individual federal officer, venue is determined in accordance with 28 U.S.C. § 1391(b), which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[2] Although Plaintiff does not identify the FTCA in his complaint, the FTCA is the exclusive means of recovery in actions against the United States. 28 U.S.C. § 2679(b)(1).

3

Once more, the facts of Plaintiff's complaint took place in the Northern District of Georgia. Additionally, Plaintiff does not claim that any of the Officers reside within the Southern District of Georgia or that there is no other district in which this action may be brought. Therefore, this District is not a proper venue for Plaintiff's claims against the Officers.

When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). While the Court recognizes that Plaintiff's case could have been filed in the Northern District of Georgia, transfer is not appropriate because it would not be in the interest of justice. As explained below, even if this case was transferred, Plaintiff's complaint would still be subject to dismissal.

### 1. *Service of Process*

In addition to challenging venue, Defendants also point out that Plaintiff has not properly served process on the United States or any of the Officers. A plaintiff must serve process within ninety days after filing a complaint. FED. R. CIV. P. 4(m). To serve process on the United States, a plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought—or to an assistant United States attorney or clerical employee

4

whom the United States attorney designates in a writing filed with court clerk—or

(ii) send a copy by registered or certified mail addressed to the civil process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency of officer.

FED. R. CIV. P. 4(i)(1).

To date, Plaintiff has not served a copy of the summons and complaint on the Attorney General of the United States or the United States Attorney for the Southern District of Georgia. (See Peel Decl., Doc. 14-1, ¶ 4; Doc. 4.) Therefore, Plaintiff has not perfected service on the United States.

Plaintiff has also failed to serve process on the Officers. The procedure for serving an officer of the United States depends on whether the action is brought against the officer in his individual or official capacity.[3] To sue an officer in his individual capacity, a plaintiff must serve both the United

---

[3] Plaintiff's complaint does not designate whether the Officers are sued in their individual or official capacities. Plaintiffs, however, "are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both." Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir.2008). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." Id. Based on the allegations in Plaintiff's complaint, the Court assumes that Plaintiff intended to sue the Officers in both their individual and official capacities.

5

States and the individual officer. FED. R. CIV. P. 4(i)(3). Service on the individual officer in his individual capacity must comply with Federal Rule of Civil Procedure 4(e), which governs serving individual defendants. Service on an individual may be effected by delivering a copy of the summons and complaint to the individual personally, by leaving copies at the individual's usual place of abode, or by delivering to "an agent authorized by appointment or by law to receive service of process."[4] FED. R. CIV. P. 4(e)(2). The plaintiff bears the burden of proving that an agent is authorized to accept service on behalf of a defendant. Reeves v. Wilbanks, 542 F. App'x 742, 746 (11th Cir. 2013)

As previously mentioned, Plaintiff has not served process on the United States. Plaintiff has also failed to serve process on any of the Officers directly. Instead, Plaintiff served "Judith Motz" and "Carmen Byron," who Plaintiff claims are designated by law to accept service on behalf of the "United States District Court Clerk" and the "United States Attorney," respectively. (See Docs. 4-7.) Plaintiff, however, presents no evidence that Ms. Motz or Ms. Byron are authorized to accept service on behalf of the Officers in their individual capacity.

---

[4] Rule 4(e)(1) also allows service pursuant to the law of the state in which the district court is located. Georgia law provides for serving process on individual defendants in much of the same manner as Rule 4(e)(2). See O.C.G.A. § 9-11-4(e)(7).

6

See Reeves, 542 F. App'x at 746. Accordingly, Plaintiff has failed to properly serve process against the Officers in their individual capacities.

Plaintiff has also failed to serve process on the Officers in their official capacity. To serve process on an officer in his official capacity, the plaintiff must serve the United States and also send the officer a copy of the summons and of the complaint by registered mail. FED. R. CIV. P. 4(i)(2). In the instant case, Plaintiff has done neither and therefore has not served the Officers in their official capacities. (See Peel Decl. ¶ 4.)

Normally, failure to serve process requires dismissal. Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). But if the plaintiff demonstrates good cause for the failure, the Court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll City Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotations omitted). In the instant case, Plaintiff has not attempted to show good cause for his failure to timely serve

7

process on the Defendants. Additionally, Plaintiff has made no further effort to cure his defective service in the three months since Defendants filed their motion to dismiss. Although the Court recognizes that Plaintiff is *pro se*, that status does not excuse insufficient service of process. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation omitted). Accordingly, dismissal without prejudice is appropriate.

### III. CONCLUSION

Given that neither the parties nor the facts of this case take place within the Southern District of Georgia, venue is inappropriate. Because Plaintiff's complaint would ultimately be dismissed for failure to serve process, transferring this action is not in the interest of justice.

Upon due consideration, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **TERMINATE** all deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 7th day of June, 2018.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA